HENRY ELFELD, as Administrator of the Estate of MATTHEW ELFELD, Deceased, Plaintiff, v. BURKHAM AUTO RENTING Co., INC., et al., Defendants.

BURKHAM AUTO RENTING Co., INC., Third-Party Plaintiff, v. PECHTER BAKING Co., INC., Third-Party Defendant.

Supreme Court, Special Term, Queens County, October 11, 1949.

*Rudser & Mulligan* for third-party defendant.

*John W. Trapp* for Burkham Auto Renting Co., Inc., defendant and third-party plaintiff.

*Katzman & Chassen* for plaintiff.

DALY, J. This is an action brought by the administrator of his deceased son's estate to recover damages for the death of the decedent, who was killed by the overturning of a baker's delivery truck which he was driving.

The action was originally brought against the defendant Burkham Auto Renting Co., Inc., as the owner of the said truck, and Cherry Bakeries, Inc., which is alleged to have rented said truck from Burkham Auto Renting Co., Inc., and operated and controlled it. The deceased was driving the truck in the course of his employment by Pechter Baking Co., Inc., when the accident occurred, which resulted in his death. The plaintiff

had judgment after trial against the defendant Burkham Auto Renting Co., Inc., and the complaint as to Cherry Bakeries, Inc., was dismissed at the close of the evidence upon the consent of the plaintiff. Said judgment was reversed on the law and the facts by the Appellate Division, and the complaint dismissed on the law, with costs (274 App. Div. 796). The Court of Appeals, however, reversed and ordered a new trial (299 N. Y. 336).

The owner of the said truck, the defendant Burkham Auto Renting Co., Inc., then impleaded Pechter Baking Co., Inc., as a third-party defendant, pursuant to the provisions of section 193-a of the Civil Practice Act. The latter has now moved to dismiss the third-party complaint on the ground that it does not state facts sufficient to constitute a cause of action for ultimate relief. It contends that the liability, if any, is that of joint tort-feasors. Consequently, impleader is unavailable (*Cloud* v. *Martin*, 273 App. Div. 769).

In the state of the pleadings now before the court, however, it cannot be said that the third-party plaintiff and the third-party defendant were joint tort-feasors. The third-party plaintiff, who was the owner of the truck, avers in its third-party complaint that at all the times mentioned in plaintiff's complaint and for a considerable time prior thereto, Pechter Baking Co., Inc., the third-party defendant, maintained, operated and controlled the truck in question through its agents, servants and employees, and that Pechter's active negligence caused the accident, for which plaintiff seeks to hold the third-party plaintiff, Burkham Auto Renting Co., Inc., legally responsible. The opinion of the Court of Appeals in this case concluded with the following statement (p. 346) : '' We are thus led to conclude that the act of Pechter's agent, in placing a defective truck at the disposal of the decedent for use on the highways in covering one of that company's routes, can be considered negligence in operation, and that such negligent act having been committed by Pechter, a legal user of the truck, its registered owner, Burkham, can be held liable upon this record under section 59 of the Vehicle and Traffic Law.''

It is thus evident that the third-party plaintiff may be held accountable for the accident under section 59 of the Vehicle and Traffic Law, because it was the registered owner of the truck, notwithstanding that the active negligence was committed by Pechter, the legal user thereof. That being so, then this is a proper case for impleader. It follows that the motion must be denied.

Submit order.