ANNE CHIRICHELLA, Plaintiff, *v.* SHAMROCK CAB CORP., Defendant, and EXCELLENT BLOUSE Co., INC., Defendant and Third-Party Plaintiff. CONO CHIRICHELLA, Third-Party Defendant.

Supreme Court, Trial Term, Queens County, December 15, 1954.

*Heller & Heller* for plaintiff.

*Harry P. Rich* for defendant.

*Joseph A. Owens* and *Peter P. Corcoran* for defendant and third-party plaintiff.

*Jordon H. Rosenberg* for third-party defendant.

DALY, J. The automobile in which plaintiff was a passenger was in collision with a taxicab. As a result she sustained personal injuries for which she brought suit to recover damages against both Shamrock Cab Corp., the owner of the taxicab, and Excellent Blouse Co., Inc., the owner of the automobile in which she was a passenger. The latter, pursuant to section 193-a of the Civil Practice Act, impleaded the plaintiff's husband, who operated the automobile at the time of the accident and was both an officer and stockholder of its corporate owner.

At the trial of this action all parties stipulated for the court to decide all questions of fact and law with respect to the third-party complaint. The jury returned a verdict in plaintiff's favor against both defendants in the sum of $7,500.

The third-party defendant now claims that the third-party complaint should be dismissed against him, since Excellent Blouse Co., Inc., the owner of the automobile, and he, its operator, were joint tort-feasors. With this contention the court does not agree. Since the verdict of the jury imports a finding of negligence on the part of the operators of both automobiles involved in the collision, it follows that the registered owners of

both were guilty of negligence within the meaning of section 59 of the Vehicle and Traffic Law. (*Elfeld* v. *Burkham Auto Renting Co.,* 299 N. Y. 336.) The third-party defendant operated the automobile in which plaintiff was a passenger with the permission of its owner and since, as found by the jury, he was actively negligent in such operation, the owner, not being negligent itself, may recover over against the third-party defendant if it is called upon to pay and does pay the damages arising from such negligent operation. (*Scott* v. *Curtis,* 195 N. Y. 424, 428; *Elfeld* v. *Burkham Auto Renting Co.,* 196 Misc. 446.)

Accordingly, the defendant Excellent Blouse Co., Inc., as third-party plaintiff, is entitled to have judgment-over against the third-party defendant for the amount of the judgment rendered in favor of the plaintiff which said third-party plaintiff is called upon to and does pay. The parties are granted thirty days' stay of execution and sixty days in which to make and file a case on appeal.

Proceed accordingly.