Daniel G. Albert, J.
It is alleged in the complaint that Michael Cleary, a volunteer fireman, was negligently driving an automobile owned by him on March 1, 1963 when the injury to the plaintiff occurred. The Baldwin Fire District is only liable ‘ ‘ for the negligence of volunteer firemen duly appointed to serve therein in the operation of vehicles owned by the fire district * * # provided such volunteer firemen, at the time of any accident or injury, were acting in the discharge of their duties ” (General Municipal Law, § 205-b; emphasis supplied). Prior to the enactment of that statute the Fire District could not be held liable; for as Mr. Justice William R. Brennan, Jr., wrote (Sikora v. Steinberg, 40 Misc 2d 649, 650, affd. 20 A D 2d 852) “'Since firemanic duties are governmental in nature, there is no common-law liability * * * Such liability, if any, must rest, then, upon remedial statutes derogatory of the common law creating liability where none existed before, which statutes must be strictly construed (Berger v. City of New York, 260 App. Div. 402, affd. 285 N. Y. 732).” Therefore, as section 205-b of the General Municipal Law creates the liability of a Fire District and is the applicable statute (Seyer v. Schoen, 6 A D 2d 177) the Fire District may not be held responsible for. the *814 negligent operation of privately owned automobiles by volunteer firemen.
Moreover, assuming the Baldwin Fire District expressly authorized the interposition of a cross complaint (see Glen Falls Ins. Co. v. Wood, 8 N Y 2d 409, 412; Ulanoff v. Croyden Shirt Co., 12 A D 2d 508, mot. for lv. to app. den. 9 N Y 2d 650); assuming that the acts of the defendant, Cleary, constituted “ wilful negligence or malfeasance ” so that he could be held to respond in damages; assuming that the Fire District could be held responsible for such willful acts (although the statute does not so indicate) ; it does not follow that the Fire District has the right to recover over as in the usual case of derivative liability (Scott v. Curtis, 195 N. Y. 424, 428; Chirichella v. Shamrock Cab Corp., 207 Misc. 371) because the statute (§ 205-b), provides that any judgment against the Fire District shall be levied upon the taxable property of the district.