OPINION OF THE COURT
 

 Wachtler, J.
 

 The issue presented in this case is whether a fire district may be held liable for the negligent acts of one of its volunteer firemen committed in the course of duty while operating a privately owned vehicle outside the borders of the fire district; specifically whether section 205-b of the General Municipal Law by implication exempts fire districts from liability except as provided by that section.
 

 On October 4, 1976 a seven-year-old girl was struck and killed by a privately owned car operated by a volunteer fireman answering an alarm. The accident occurred outside the borders of the fire district. The girl’s mother and administratrix of her estate sued the driver of the car, the owner, and the fire district, claiming they were negligent. The fire district, relying on section 205-b of the General Municipal Law, moved for summary judgment to have the complaint against it dismissed.
 

 Insofar as relevant section 205-b of the General Municipal Law, which was enacted in 1934, provides as follows: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance * * * [B]ut fire districts created pursuant to law shall be liable for the negligence of volunteer firemen duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such firemen, at the time of any accident or injury, were acting in the discharge of their duties”.
 

 Special Term found section 205-b to be an exemption statute which limited the liability of fire districts to incidents involving official vehicles occurring within their borders. Because the accident in question involved a private vehicle, outside the fire district boundary, Special Term granted summary judgment and dismissed the complaint as to the defendant fire district. The Appellate Division unanimously affirmed and our court granted leave to appeal. We now reverse.
 

 
 *146
 
 Although the State waived its immunity from liability in 1929 with the enactment of section 8 of the Court of Claims Act, this waiver of immunity was not found to be applicable to the local subdivisions of the State until 1945, when this court issued its decision in
 
 Bernardine v City of New York
 
 (294 NY 361). It thus appears that in 1934, the year section 205-b was enacted, the Legislature had intended to expand, not restrict, the liability of fire districts (cf.
 
 Berger v City of New York,
 
 260 App Div 402, 404-405, affd without opn 285 NY 723 [pertaining
 
 to enactment
 
 of Highway Law, §
 
 282-g
 
 (municipal liability for negligent operation of vehicles), and its superseding statutes, General Municipal Law, §§ 50-a, 50-b]). In other words, the Legislature sought to assure that there would be some liability on the part of the fire districts where previously there had been some doubt. To now read section 205-b as restricting liability — as exempting a fire district from liability in all situations other than that prescribed in the section— would be error.
 

 The conclusion that the section should not be read as an exemption statute may be gleaned from this court’s opinion in
 
 Bernardine. Bernardine
 
 involved a negligence action brought against the City of New York to recover damages for personal injuries caused to plaintiff by a runaway police horse. Plaintiff asserted that liability attached to the city under section 50-b of the General Municipal Law, a statute which closely parallels section 205-b.
 
 [1]
 
 Supreme Court had found that a horse was not a "facility of transportation” within the meaning of the section and, thus, that the city could not be held liable. The
 
 *147
 
 Appellate Division reversed, finding that a horse was a facility of transportation. This court affirmed the Appellate Division order, stating that the Appellate Division’s construction of the term at issue was proper.
 

 Our court concluded that the Court of Claims Act had waived the tort immunity of the subdivisions of the State as well as that of the State itself: "The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed [citation omitted]. On the waiver by the State of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations for wrongs of officers and employees, — even if no separate statute sanctions that enlarged liability in a given instance”
 
 (Bernardine v City of New York,
 
 294 NY 361, 365,
 
 supra).
 
 Although that conclusion was not strictly necessary to the result in
 
 Bernardine,
 
 it has been frequently cited with approval by this court in cases finding municipalities liable for the acts of their agents
 
 [2]
 
 and is now generally understood to permit municipal liability even in the absence of particular statutory enactments. The implication of
 
 Bernardine
 
 for this case is that section 205-b, as with the closely analogous section 50-b, should not be read as an exemption statute.
 

 Bernardine
 
 notwithstanding, some of our courts have on occasion read section 205-b restrictively.
 
 [3]
 
 Such a reading, in combination with section 50-c of the General Municipal Law, which provides for municipal liability for all vehicular torts by paid firemen, yields the anamolous and indefensible situation that, alone among persons negligently injured by firemen, only one struck by a volunteer driving a privately owned vehicle is without statutory remedy. The question, then, is whether this apparent "gap” in the statutory provisions governing liability for the negligent acts of firemen is overjumped by the broad liability emanating from the Court of Claims Act, as interpreted in
 
 Bernardine (supra).
 

 We note that there is no reason why section 205-b should be read as an attempt by the Legislature to limit the liability of
 
 *148
 
 municipalities; rather, the reverse. The Legislature when it enacted section 205-b was acting in the apparent belief that the waiver of immunity effected by the Court of Claims Act did not affect the pre-existing municipal liability. Viewed in this light section 205-b may be seen to have been an attempt to provide for liability in situations where none had existed previously, i.e., to expand rather than to limit liability.
 

 In addition, unless the intent of section 205-b is to limit liability, there appears to be no reason to distinguish between a situation in which a volunteer fireman is operating a fire district vehicle or a privately owned vehicle in the course of his duties. This is particularly true when considering how much more frequently volunteer firemen reach the scene of an alarm by private, rather than by district-owned vehicles. Therefore, where the Legislature acted to extend liability, we should not reach for such a limiting distinction absent inescapable evidence that there was such a legislative intent.
 

 We conclude, therefore, that section 205-b does not preclude liability by the fire district on the facts of this case. That is not to say, however, that all such enactments providing for municipal liability in specified circumstances have been rendered entirely surplusage. As was noted in
 
 Bernardine (supra),
 
 "the plaintiff in such a case must satisfy all applicable general statutory or charter requirements in the way of presentation of claims, notice of injury, notice of intent to sue and the like” (294 NY 361, 365-366).
 

 The order of the Appellate Division should be reversed and the motion for summary judgment denied.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and the motion for summary judgment denied.
 

 [1]
 

 . Section 50-b provides:
 

 "§ 50-b. Municipal liability for negligent operation of vehicles or other facility of transportation
 

 "Every county, city, town, village and other subdivision of government, notwithstanding any inconsistent provisions of law, general, special or local or any limitation contained in the provision of any city charter, shall be liable and shall assume the liability for the negligence of, and shall save harmless, a person duly appointed by the governing board or body of the municipality, or by any board, body, commission or other officer thereof, in the operation of a municipally owned vehicle or other facility of transportation within the state in the discharge of a statutory duty imposed upon such person or municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment. Every such appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle or other facility of transportation was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity.”
 

 [2]
 

 .
 
 (Schuster v City of New York,
 
 5 NY2d 75;
 
 Dunham v Village of Canisteo,
 
 303 NY 498;
 
 McCrink v City of New York,
 
 296 NY 99.)
 

 [3]
 

 .
 
 (Sikora v Steinberg,
 
 40 Misc 2d 649, affd mem 20 AD2d 852;
 
 Mott
 
 v
 
 Baldwin Fire Dept.,
 
 45 Misc 2d 813.)