OPINION OF THE COURT
James M. Catterson, J.
Defendant North Babylon Volunteer Fire Department’s motion for judgment as a matter of law pursuant to CPLR 4401 is denied as stated on the record in this court, March 3, 1999. The decision of the court follows.
This action was commenced by plaintiff Janine Napolitano Tobacco to recover for personal injuries allegedly sustained by her on May 30, 1991. Plaintiff was a passenger in a car operated by defendant Margaret Superty which was struck by a fire truck driven by Volunteer Firefighter Thomas Doyle (hereinafter referred to as Doyle) and owned by defendant North Babylon Volunteer Fire Department (hereinafter referred to as VFD). Prior to trial, by decision and order dated March 31, 1997 (Underwood, J.), summary judgment was granted to Doyle. Plaintiff appealed that decision and on June 8, 1998, the Appellate Division, Second Department (251 AD2d 398), affirmed the lower court’s order dismissing the complaint against Doyle because there was no triable issue of fact that Doyle violated either section 205-b of the General Municipal Law or section 1104 of the Vehicle and Traffic Law.
The evidence presented by plaintiff at trial establishes that she was a passenger in a car operated by defendant Margaret Superty, a rental agent for defendant Century 21 Deer Park Realty Inc., and owned by defendant G.M.A.C. Plaintiff was allegedly injured when the fire truck driven by Doyle collided with Superty’s car while the truck was en route to a call of a structure fire with possible occupants (signal 13). It was uncontroverted that Superty was in the left-hand northbound lane, heard the fire truck’s siren and air horn, and saw its red rotating lights prior to the accident. She maintains, however, *482 that she was unable to yield to the right because of traffic conditions, and was attempting to move into the left-hand turning lane when her vehicle was struck in the rear by the fire truck. Moreover, the evidence establishes that upon first observing Superty’s car which was either slowed or stopped about 200 feet in front of him, Doyle repeatedly applied the brakes of the fire truck, and had slowed down when he skidded into the rear of Superty’s car.
In the instant motion before this court, defendant VFD has moved for judgment as a matter of law pursuant to CPLR 4401 at the close of the plaintiffs case. VFD argues that because the case against Doyle has been dismissed, because plaintiff does not allege that VFD acted negligently in its own right (independent of any vicarious liability it assumed for its firefighters’ actions), and because there is no proof that Doyle acted in reckless disregard for the safety of others, VFD should be granted judgment as a matter of law as there is no fact issue to be tried. VFD is only partly correct.
Under CPLR 4401, to be entitled to judgment as a matter of law, “the defendant movant has the burden of showing that the plaintiff has not made out a prima facie case.” (Farrukh v Board of Educ., 227 AD2d 440, 441 [2d Dept 1996].) Granting such motion is appropriate where the trial court finds that “there is no rational process by which the fact trier could base a finding in favor of the nonmoving party.” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997].) Furthermore, “[t]he plaintiff’s evidence must be accepted as true * * * and the plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence presented at trial.” (Farrukh v Board of Educ., 227 AD2d, at 441.) Here, viewing the plaintiffs evidence as true and attaching every favorable inference that may be drawn from the evidence presented, a reasonable trier of fact could find against VFD on a theory of ordinary negligence.
Plaintiff concedes that she does not allege a basis for liability against defendant VFD other than that of vicarious liability for Doyle’s conduct. For Doyle to be civilly liable to plaintiff, he must have acted with reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104 (e). (See, Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Vehicle and Traffic Law § 1104 [e]; General Municipal Law § 205-b.) Pursuant to Vehicle and Traffic Law § 1104 (a), “[t]he driver of an authorized emergency vehicle, when involved in an emergency operation, may exercise the privileges set forth in this section, but subject to the conditions herein stated.” Such privileges allowed Doyle *483 to proceed through a stop sign or red light after slowing down (as may be necessary for safety); to exceed the maximum speed limits (as long as he does not endanger life or property); and to disregard regulations governing directions of movement or turning in specified directions. (Vehicle and Traffic Law § 1104 [b] [2], [3], [4].) Pursuant to Vehicle and Traffic Law § 1104 (e), however, Doyle was not relieved from the “duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.” This standard has been interpreted by both the Court of Appeals and the Second Department as requiring evidence that Doyle intentionally committed “ ‘an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome.” (Saarinen v Kerr, 84 NY2d, supra, at 501; see McCarthy v City of New York, 250 AD2d 654 [2d Dept 1998]; Notorangelo v State of New York, 240 AD2d 716, 717 [2d Dept], lv denied 90 NY2d 811 [1997]; Williams v City of New York, 240 AD2d 734 [2d Dept 1997].)
Measured against the holding of Saarinen (supra) and its progeny, it is evident, as a matter of law, that Firefighter Doyle did not overstep the statutory qualified privilege. (Saarinen v Kerr, 84 NY2d, at 503.) It is uncontradicted in this case, that upon observing Superty’s car which was either slowed or stopped about 200 feet in front of him, Doyle repeatedly applied the fire engine’s brakes, and had slowed down when he skidded into the rear of Superty’s car. Therefore, unlike the facts of Campbell v Elmira (84 NY2d 505, 508 [1994]), where conflicting testimony and inferences existed concerning whether a fire truck driver took the necessary precautions to satisfy his statutory duties under Vehicle and Traffic Law § 1104 (b) and (e), there is no basis for a finding on the evidence presented here that Doyle violated any statutory duty. (See, Notorangelo v State of New York, 240 AD2d, supra, at 717.)
On the question of liability for VFD, however, our inquiry does not end with Vehicle and Traffic Law § 1104, and defendant G.M.A.C. urges the court to consider General Municipal Law § 205-b which provides: “Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firefighters, except for wilful negligence or malfeasance. Nothing in this section contained shall in any *484 manner affect the liability imposed upon cities, towns and villages by sections fifty-a and fifty-b of this chapter, but fire districts created pursuant to law shall be liable for the negligence of volunteer firefighters duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firefighters, at the time of any accident or injury, were acting in the discharge of their duties. Judgments recovered against a fire district pursuant to this section shall be levied upon the taxable property of such district in the same manner as moneys raised for the support of the district.” (Emphasis supplied.)
“[The] cardinal function in interpreting a statute should be to ‘ “attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used.”’” (Matter of State of New York v Ford Motor Co., 74 NY2d 495, 500 [1989], quoting Doctors Council v New York City Employees' Retirement Sys., 71 NY2d 669, 674-675 [1988], and Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976]; see, People v Excell, 254 AD2d 369 [2d Dept 1998]; Matter of Kennedy v Kennedy, 251 AD2d 407 [2d Dept 1998].) Furthermore, “effect and meaning must, if possible, be given to the entire statute and every part and word thereof.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 98; see, Sanders v Winship, 57 NY2d 391, 396 [1982].)
General Municipal Law § 205-b provides in wholly unambiguous terms that volunteer fire districts “shall be liable for the negligence of volunteer firefighters.” The court is mindful that “[w]here different statutes appear to conflict with each other, the courts have a duty to determine the intent of the Legislature. A similar construction responsibility exists where the meaning or intent of a statute, when read in relation to the total body of law on the subject, is not clear.” (Matter of “Male F.”, 97 Misc 2d 505, 507 [Sur Ct, Bronx County 1978].)
In the instant case, however, no such conflict exists between General Municipal Law § 205-b and Vehicle and Traffic Law § 1104. Section 205-b provides for an immunity for volunteer firefighters for simple negligence, allowing liability only for “wilful negligence or malfeasance.” This immunity is specifically not extended to fire districts. Indeed, “[t]he statute erased any immunity formerly extended to fire districts, and replaced it with the common-law rule of master and servant, and the doctrine of respondeat superior.” (Nardone v Milton Fire Dist., *485 261 App Div 717, 720 [3d Dept 1941], affd 288 NY 654 [1942]; but see, Fuerguson v East Meadow Fire Dist., Sup Ct, Nassau County, Nov. 20, 1998, Bucaria, J., index No. 32787-97; Morris v Stanchio, Sup Ct, Suffolk County, Nov. 5, 1998, Doyle, J., index No. 16276-97.) While General Municipal Law § 205-b specifically defines the liability of fire districts, there simply is no reference in Vehicle and Traffic Law § 1104 to fire districts at all. The court will not read such protection for fire districts into Vehicle and Traffic Law § 1104, as such a reading would bring the statute into direct conflict with the plain language of section 205-b which specifically provides for liability of fire districts.
Furthermore, the court’s research has failed to disclose a single Second Department or Court of Appeals case that extended the statutory immunities afforded under Vehicle and Traffic Law § 1104 to a fire district as opposed to a municipality or subdivision of the State. Absent such authority, the court is constrained by the plain language of General Municipal Law § 205-b. Even assuming arguendo that a conflict between the two statutes exists, the legislative history of section 205-b fully supports imposing liability on the fire district for the simple negligence of its firefighters.
In the transmittal letter for Assembly Bill A 1341 (now § 205-b) to then Governor Lehman, the Chairman of the Law Committee for the Firemen’s Association of the State of New York wrote:
“Again, you may have been influenced by the fact that Governor Roosevelt some years ago vetoed a bill which was somewhat like the one that you vetoed. May I point out that the bill which Governor Roosevelt vetoed was introduced in 1930 and that there was a very important difference in that bill and the one now before you, in that the former, although exempting volunteer firemen from civil liability, did not make the fire district which they serve liable for their negligence.
“Under the common law a fire district is not liable for the negligent acts of firemen, and I can readily understand that Governor Roosevelt may not have thought it expedient to relieve the firemen from liability, and thus leave no recourse for the person who suffers injury.
“The bill under consideration relieves the firemen from liability but makes fire districts liable. It places the liability where it belongs.
“Municipalities, that is, cities, towns and villages, but not fire districts, have already been made liable for the acts of *486 their firemen by virtue of the provisions of Section 282-g of the Highway Law added in 1929. However, the firemen still remain liable, i.e., there is joint liability. This bill takes the liability entirely off the shoulders of the volunteer firemen but insurés that the injured party shall have the right to recover from the governmental agencies served by them.” (Letter of Apr. 28, 1934, Bill Jacket, L 1934, ch 489.)
The position of the Legislature could not be more clear. Thus, the court is obligated to give effect to the “unambiguously enacted and promulgated intent” of section 205-b. (Matter of Murphy v Office of Vocational & Educ. Servs., 92 NY2d 477, 484 [1998].) The motion is therefore denied.