■ FRED DIFRANCO, Appellant, v MARGAREITE ESSIG et al., Respondents, et al., Defendants. [768 NYS2d 633]—

In an action to recover damages for personal injuries and

wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered March 18, 2003, as granted the motion of the defendants Margareite Essig, as administrator of the estate of Mark A. Essig and Thornwood Fire District for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Thornwood Fire District and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the complaint is reinstated against that defendant.

The Supreme Court properly determined that the defendant Margareite Essig, as administrator of the estate of Mark A. Essig, was entitled to summary judgment in light of the absence of any issue of fact as to whether that defendant's decedent (hereinafter Essig) acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see Tobacco v North Babylon Fire Dept.,* 251 AD2d 398 [1998], *on remand* 182 Misc 2d 480 [1999], *affd* 276 AD2d 551 [2000]). However, pursuant to General Municipal Law § 205-b, the standard to be applied with respect to the defendant Thornwood Fire District is that of ordinary negligence (*see Tobacco v North Babylon Fire Dept.,* 182 Misc 2d 480, 484-486 [1999], *affd* 276 AD2d 551 [2000], *supra*). That statute states unambiguously that "fire districts created pursuant to law shall be liable for the negligence of volunteer firefighters . . . in the operation of vehicles owned by the fire district upon the public streets." (General Municipal Law § 205-b). There are issues of fact as to whether Essig was negligent in the operation of a fire truck, and if so, whether such negligence contributed to the injuries sustained by the plaintiff's decedent. This precludes the award of summary judgment to the defendant Thornwood Fire District. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.