■ DONNA PRINCE LYNCH, Individually and as Parent and Natural Guardian of PHILIP LAWRENCE LYNCH, and as Administratrix of the Estate of TIMOTHY JOHN LYNCH, Deceased, Respondent-Appellant, v MIKE WATERS, as Fire Control Coordinator of County of Onondaga, et al., Appellants-Respondents/ Third-Party Plaintiffs-Appellants. THE POMPEY HILL FIRE DISTRICT et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (Appeal No. 1.) [913 NYS2d 613]—Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 22, 2009. The order, among other things, granted the motions of third-party defendants the Pompey Hill Fire District, the Pompey Hill Fire Department, Richard Abbott, in his Official Capacity as an Assistant Chief of the Pompey Hill Fire Department, and Mark Kovalewski, in his Official Capacity as an Assistant Chief of the Pompey Hill Fire Department, the Village of Manlius, the Manlius Fire Department, Raymond Dill, in his Official Capacity as Deputy Chief of the Manlius Fire Department, for summary judgment dismissing the third-party complaint against them.

Appeal and cross appeal from an amended order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 1, 2009. The amended order, among other things, sua sponte dismissed the third-party complaint as it relates to third-party defendant Raymond Dill, in his official capacity as Deputy Chief of the Manlius Fire Department.

It is hereby ordered that the amended order so appealed from is modified on the law by denying the motion of third-party defendants the Pompey Hill Fire District, the Pompey Hill Fire Department, Richard Abbott, in his Official Capacity as an Assistant Chief of the Pompey Hill Fire Department and Mark Kovalewski, in his Official Capacity as an Assistant Chief of the Pompey Hill Fire Department and the motion of third-party defendants the Village of Manlius and the Manlius Fire Department, reinstating the third-party complaint against them and granting those parts of plaintiff's cross motion to dismiss the affirmative defenses of those third-party defendants pursuant to General Municipal Law § 205-b and as modified the amended order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action, individually and as the parent and natural guardian of her son and the administratrix of the estate of her husband (decedent), seeking damages for, inter alia, the wrongful death of decedent. Decedent, a volunteer firefighter, was killed while fighting a fire that started in the basement of a house located in the Town of Pompey. According to plaintiff, defendants/third-party plaintiffs (hereafter, defendants) are liable pursuant to General Municipal Law § 205-a. Defendants thereafter commenced a third-party action for common-law contribution "and/or" indemnification. Supreme Court granted the motion of third-party defendants the Pompey Hill Fire District, the Pompey Hill Fire Department and Richard Abbott and Mark Kovalewski, in their Official Capacities as Assistant Chiefs of the Pompey Hill Fire Department (collectively, Pompey Hill defendants), as well as the motion of third-party defendants the Village of Manlius and the Manlius Fire Department (collectively, Manlius defendants), for summary judgment dismissing the third-party complaint against them. The court also denied defendants' cross motion for leave to amend the third-party complaint to include, inter alia, allegations of willful negligence on the part of third-party defendant Raymond Dill, in his Of-

ficial Capacity as Deputy Chief of the Manlius Fire Department, the Pompey Hill defendants and the Manlius defendants and denied as moot plaintiff's cross motion to dismiss "any [and] all affirmative defense[s] brought by any parties under [Volunteer] Firefighters' Benefit Law [§] 19 and General Municipal Law [§] 205-b." In addition, the court sua sponte dismissed the third-party complaint against Dill.

We note at the outset that this Court improperly deemed plaintiff's cross appeal from the amended order abandoned and dismissed for failure to perfect within nine months of service of the notice of appeal (*see* 22 NYCRR 1000.12 [b]). The cross motion of plaintiff for permission for an extension of time to file her brief encompassed both the court's original order and the amended order, and this Court incorrectly granted that cross motion only with respect to the original order. In view of our error, we exercise our discretion to treat the cross appeal from the amended order as properly perfected (*see generally* CPLR 5520 [c]; *Crane-Hogan Structural Sys., Inc. v ESLS Dev., LLC*, 77 AD3d 1302 [2010]).

We agree with defendants on their appeal and with plaintiff on her cross appeal that the Pompey Hill defendants and the Manlius defendants are not immune from liability pursuant to General Municipal Law § 205-b. We thus conclude that the court erred in granting the respective motions of the Pompey Hill defendants and the Manlius defendants and in denying those parts of plaintiff's cross motion seeking to dismiss the affirmative defenses of the Pompey Hill defendants and the Manlius defendants pursuant to section 205-b, and we therefore modify the amended order accordingly. "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). Inasmuch as "the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 3-4 [2005], *lv denied* 6 NY3d 711 [2006]). "If the 'language . . . is clear and unambiguous, courts must give effect to its plain meaning' " (*Matter of M.B.*, 6 NY3d 437, 447 [2006], quoting *State of New York v Patricia II.*, 6 NY3d 160, 162 [2006]).

Pursuant to General Municipal Law § 205-b, "*[m]embers* of duly organized volunteer fire companies . . . shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firefighters, except for wilful negligence

or malfeasance" (emphasis added). Thus, under the plain language of the statute, the immunity conferred by section 205-b applies only to individual volunteer firefighters, not their municipal employers (*see Rosenberg v Fuller Rd. Fire Dept.*, 34 AD2d 653, 654 [1970], *affd* 28 NY2d 816 [1971]; *Sawyer v Town of Lewis*, 6 Misc 3d 1024[A], 2003 NY Slip Op 51751[U], *6 [2003], *mod on other grounds* 11 AD3d 938 [2004]; *see Tobacco v North Babylon Volunteer Fire Dept.*, 182 Misc 2d 480, 483-484 [1999], *affd* 276 AD2d 551 [2000]; *Ryan v Town of Riverhead*, 2010 NY Slip Op 30661[U] [2010]). There is nothing in the statute that similarly confers immunity upon fire districts or other municipal entities. To the contrary, the second sentence of section 205-b provides that "fire districts created pursuant to law *shall be liable for the negligence of volunteer firefighters* duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district" (emphasis added). Indeed, General Municipal Law § 205-b is entitled "Relief of volunteer firefighters engaged in the performance of duty as such firefighters from civil liability and liability of fire districts for the acts of volunteer firefighters." The plain language of the statute thus reflects the Legislature's dual purposes in enacting section 205-b: first, to immunize volunteer firefighters from civil liability for ordinary negligence and, second, to shift liability for such negligence to the fire districts that employ them (*see Sikora v Keillor*, 17 AD2d 6, 8 [1962], *affd* 13 NY2d 610 [1963]).

The Pompey Hill defendants and the Manlius defendants contend that the Legislature intended that fire departments and municipalities be subject to vicarious liability only for firefighters' negligent operation of vehicles. Their reliance on the second sentence of General Municipal Law § 205-b in support of that contention is misplaced. In *Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna* (50 NY2d 143 [1980]), the Court of Appeals rejected a similar contention, namely, that section 205-b impliedly exempts fire districts from liability except as specifically provided by that section. The Court explained the historical context of section 205-b: "Although the State waived its immunity from liability in 1929 with the enactment of section 8 of the Court of Claims Act, this waiver of immunity was not found to be applicable to the local subdivisions of the State until 1945, when [the Court of Appeals] issued its decision in *Bernardine v City of New York* (294 NY 361 [1945]). It thus appears that in 1934, the year [General Municipal Law §] 205-b was enacted, the Legislature had intended to expand, not restrict, the liability of fire districts . . . In other words, the Legislature sought to assure that there would be some liability

on the part of the fire districts where previously there had been some doubt. *To now read section 205-b as restricting liability—as exempting a fire district from liability in all situations other than that prescribed in the section—would be error" (id.* at 146 [emphasis added]).

The Pompey Hill defendants and the Manlius defendants further contend that, because individual firefighters are immune from liability pursuant to General Municipal Law § 205-b, they cannot be held vicariously liable for the alleged negligence of those firefighters. We reject that contention. The Court of Appeals rejected a similar argument in *Tikhonova v Ford Motor Co.* (4 NY3d 621, 623 [2005]), concluding that a vehicle owner may be held vicariously liable pursuant to Vehicle and Traffic Law § 388 for the negligence of a diplomat driver who is immune from suit under 22 USC § 254d. The Court distinguished *Sikora* (13 NY2d 610 [1963], *affg* 17 AD2d 6 [1962]), in which it "affirmed, without opinion, the Appellate Division's determination that no liability attaches to a vehicle owner where the negligent driver (a volunteer firefighter) was immune from suit under General Municipal Law § 205-b" (*Tikhonova,* 4 NY3d at 625). The Court noted that a contrary result in *Sikora* "would have discouraged volunteers from responding to emergencies by reducing the number of people willing to lend vehicles to those volunteers" (*id.*). Here, the policy reasons underlying the immunity afforded to volunteer firefighters individually, i.e., to encourage individuals to volunteer for public service and to protect their personal assets from liability for ordinary negligence (*see id.; Sikora,* 17 AD2d at 7-8; *see also* Sponsor's Mem, Bill Jacket, L 1934, ch 489; Letter from Firemen's Assn of State of NY, Apr. 28, 1934, at 1, Bill Jacket, L 1934, ch 489), do not apply to the entities that employ them.

With respect to the contention of plaintiff that the court erred in denying that part of her cross motion to dismiss the Pompey Hill defendants' affirmative defense based upon Volunteer Firefighters' Benefit Law § 19, we note that the court did not address the merits of that issue because it denied plaintiff's cross motion as moot. In view of our determination, we conclude that plaintiff's cross motion with respect to that issue is no longer moot, and we therefore remit the matter to Supreme Court to determine that part of plaintiff's cross motion.

Finally, we note that neither defendants on their appeal nor plaintiff on her cross appeal raised any issue concerning the court's sua sponte dismissal of the third-party complaint against Dill, and they therefore have abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

All concur except Fahey, J., who dissents and votes to affirm in the following memorandum.

Fahey, J. (dissenting). I respectfully dissent. In my view, Supreme Court properly granted the motion of third-party defendants the Pompey Hill Fire District, the Pompey Hill Fire Department and Richard Abbott and Mark Kovalewski, in their Official Capacities as Assistant Chiefs of the Pompey Hill Fire Department (collectively, Pompey Hill defendants), as well as the motion of third-party defendants the Village of Manlius and the Manlius Fire Department (collectively, Manlius defendants), for summary judgment dismissing the third-party complaint against them. I further conclude that the court properly sua sponte dismissed the third-party complaint against third-party defendant Raymond Dill, in his Official Capacity as Deputy Chief of the Manlius Fire Department. I therefore would affirm the amended order.

The crux of this appeal is whether third-party defendants are entitled to immunity from liability under General Municipal Law § 205-b, which is entitled "Relief of volunteer firefighters engaged in the performance of duty as such firefighters from civil liability and liability of fire districts for the acts of volunteer firefighters." That statute provides, in relevant part, that "[m]embers of duly organized volunteer fire companies . . . shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firefighters, except for wilful negligence or malfeasance. Nothing in this section . . . shall in any manner affect the liability imposed upon cities, towns and villages by [General Municipal Law §§ 50-a and 50-b], but fire districts created pursuant to law shall be liable for the negligence of volunteer firefighters duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firefighters, at the time of any accident or injury, were acting in the discharge of their duties."

The second of the sentences quoted above contemplates an instance in which a fire district may be held liable for the negligence of its volunteer firefighters in the operation of vehicles owned by the fire district while those firefighters were acting in the discharge of their duties. In my view, that sentence amounts to an *exception* to the prevailing rule that a fire district is not liable for the negligent acts of its volunteer firefighters, inasmuch as there would be no reason to establish the circumstances in which a fire district may be liable for the negligent acts of its volunteer firefighters unless a fire district could not be held liable for those acts in the first instance. Consequently, I

conclude that the Pompey Hill defendants and the Manlius defendants are immune from liability under General Municipal Law § 205-b (*see Howell v Massapequa Fire Dist.*, 306 AD2d 317 [2003]; *see generally Matter of Crucible Materials Corp. v New York Power Auth.*, 13 NY3d 223, 229 [2009], *rearg denied* 13 NY3d 927 [2010]; *Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 3-4 [2005], *lv denied* 6 NY3d 711 [2006]).

The majority's reliance upon *Rosenberg v Fuller Rd. Fire Dept.* (34 AD2d 653 [1970], *affd* 28 NY2d 816 [1971]) is misplaced. In *Rosenberg*, the Second Department concluded, and the Court of Appeals agreed, that General Municipal Law § 205-b did not exempt volunteer fire companies from liability but, in that case, the alleged negligence arose from the collapse of a scaffold owned by a defendant fire department, rather then the actions of a volunteer firefighter (*id.* at 654). In other words, *Rosenberg* involved an allegation of *actual* negligence, while in this case plaintiff seeks damages for alleged *vicarious* liability on the part of the Pompey Hill and Manlius defendants based upon the actions of a firefighter. That reasoning was specifically rejected by this Court in *Green v Peterson* (13 AD3d 1157, 1159 [2004]).

I also cannot agree with the majority that the decision of the Court of Appeals in *Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna* (50 NY2d 143 [1980]) controls in this case. In *Thomas*, the Court of Appeals concluded that a fire district may be held liable for the negligent acts of one of its firefighters committed in the course of duty while operating a vehicle outside the borders of a fire district (*id.* at 147-148). At the core of that case was the intersection of General Municipal Law § 50-b, pursuant to which a municipality will be liable for the negligent operation of municipally owned vehicles, and General Municipal Law § 205-b. Section 205-b expanded liability by explicitly declaring the liability of a fire district for the actions of volunteer firefighters who negligently drive fire district vehicles *inside* that fire district, while section 50-b allowed for municipal liability for the negligent operation of such vehicles *outside* that fire district. Consequently, the Court in *Thomas* did not expand section 205-b to allow for liability on the part of a fire district for a volunteer firefighter's negligent operation of a motor vehicle outside that fire district. Rather, the Court in *Thomas* recognized that General Municipal Law § 50-b already considered that liability and properly declined to conclude that the limitations included in General Municipal Law § 205-b impaired or reduced the scope of General Municipal Law § 50-b.

Finally, in view of my determination, I do not address the remaining contention of plaintiff on her cross appeal. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.