Lawhorn v City of New York (2020 NY Slip Op 05043)





Lawhorn v City of New York


2020 NY Slip Op 05043


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-10658
 (Index No. 705232/15)

[*1]Ashley Lawhorn, appellant, 
v
City of New York, respondent, et al., defendants.


Scott Baron & Associates, P.C., Howard Beach, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Fay Ng of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and false arrest, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 6, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the causes of action sounding in excessive force, false arrest, violations of 42 USC § 1983, and reckless pursuit by police insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained on September 14, 2014, when she voluntarily jumped out of a moving vehicle in which she had been a passenger. The vehicle was being operated by the defendant Jameson Golding at a high rate of speed while fleeing from New York City police officers.
Prior to the pursuit, police officers on patrol in the area had recognized Golding as a driver who had fled during a police stop earlier that week. Instead of obeying the officers' direction to put the vehicle in park, Golding put it in reverse and fled the scene, with the police in pursuit. The plaintiff claimed in her complaint and bill of particulars that the defendant City of New York was vicariously liable for the excessive force, false arrest, violations of 42 USC § 1983, and reckless pursuit allegedly committed by the police officers. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order entered September 6, 2017, the Supreme Court granted the City's motion. The plaintiff appeals from so much of the order as granted those branches of the City's motion which were for summary judgment dismissing the causes of action sounding in excessive force, false arrest, violations of 42 USC § 1983, and reckless pursuit by police insofar as asserted against it.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e). The General Municipal Law requires that the notice set forth, among other things, "the nature of the claim," and "the time when, the place where and the manner in which the claim arose" [*2](General Municipal Law § 50-e[2]; see Brown v City of New York, 95 NY2d at 393; Palmer v Society for Seamen's Children, 88 AD3d 970, 971). "The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (Palmer v Society for Seamen's Children, 88 AD3d at 971; see O'Brien v City of Syracuse, 54 NY2d 353, 358; Ingle v New York City Tr. Auth., 7 AD3d 574, 575). Here, the City demonstrated, prima facie, that the notice of claim filed by the plaintiff prior to commencement of this action failed to set forth any allegations of excessive force or false arrest by the police with respect to the plaintiff. The plaintiff failed to raise a triable issue of fact in opposition. Therefore, we agree with the Supreme Court's determination granting those branches of the City's motion which were for summary judgment dismissing the causes of action sounding in excessive force and false arrest insofar as asserted against it based on the plaintiff's failure to file a proper notice of claim with respect to those causes of action (see Davis v City of New York, 153 AD3d 658; Vargas v City of New York, 105 AD3d 834, lv granted 22 NY3d 858).
A local government cannot be held liable under 42 USC § 1983 based solely upon a theory of vicarious liability for its employees' actions (see City of Canton v Harris, 489 US 378, 385; Monell v New York City Dept. of Social Servs., 436 US 658, 694; Eckardt v City of White Plains, 87 AD3d 1049). Here, the City established, prima facie, that the plaintiff's cause of action against the City pursuant to 42 USC § 1983 relied solely upon a theory of vicarious liability, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, we agree with the Supreme Court's determination granting that branch of the City's motion which was for summary judgment dismissing that cause of action insofar as asserted against it (see Eckardt v City of White Plains, 87 AD3d at 1052).
"Drivers of emergency vehicles have a primary obligation to respond quickly to preserve life and property and to enforce the criminal laws" (Saarinen v Kerr, 84 NY2d 494, 497). Accordingly, Vehicle and Traffic Law § 1104(a) exempts them from certain traffic regulations "when involved in an emergency operation" (see Vehicle and Traffic Law § 1104[a], [b]). Notwithstanding these exemptions, Vehicle and Traffic Law § 1104(e) does "not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor [does it] protect the driver from the consequences of his reckless disregard for the safety of others." Thus, the statute precludes the imposition of liability for otherwise privileged conduct except where the conduct rises to the level of recklessness (see Saarinen v Kerr, 84 NY2d at 497). Here, the City demonstrated, prima facie, that the conduct of the police officers in pursuing the subject vehicle was reasonable under the circumstances and was not otherwise reckless. In opposition, the plaintiff failed to raise a triable issue of fact. Moreover, even assuming that the police had been reckless in their pursuit, the City demonstrated, prima facie, that the plaintiff's conduct of voluntarily jumping out of the moving vehicle constituted an unforeseeable, superseding intervening act, severing any causal connection between the police conduct and her injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Alexander v City of New York, 176 AD3d 659, 660-661; Nurse v City of New York, 56 AD3d 442, 443). In opposition, the plaintiff failed to raise a triable issue of fact on the question of proximate causation. Accordingly, we agree with the Supreme Court's determination granting that branch of the City's motion which was for summary judgment dismissing the cause of action sounding in reckless pursuit.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court