Anderson v Commack Fire Dist. (2021 NY Slip Op 03821)





Anderson v Commack Fire Dist.


2021 NY Slip Op 03821


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-01021
 (Index No. 36752/12)

[*1]Courtney Anderson, respondent, 
v
Commack Fire District, et al., appellants.


Hannigan Law Firm PLLC, Delmar, NY (Timothy C. Hannigan and Terence S. Hannigan of counsel), for appellant Commack Fire District.
Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz and Scott Szczesny of counsel), for respondent.
Sapienza & Frank, Massapequa, NY (Joseph F. Frank of counsel), for amicus curiae Association of Fire Districts of the State of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated November 28, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Commack Fire District.
ORDERED that the appeal by the defendants John M. Muilenburg and the Commack Fire Department is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Commack Fire District; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 22, 2012, the plaintiff allegedly was injured when the vehicle she was driving collided with a fire truck owned by the defendant Commack Fire District (hereinafter the Fire District) and operated by the defendant John M. Muilenburg, a volunteer firefighter. The plaintiff commenced this action to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated November 28, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Muilenburg, but denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Fire District. The court determined that Muilenburg made a prima facie showing that he could not be held liable under Vehicle and Traffic Law § 1104, since he did not operate the fire truck in reckless disregard for the safety of others, and that the plaintiff failed to raise a triable issue of fact in opposition to that prima facie showing. However, the court determined that the Fire District could be held liable for Muilenburg's ordinary negligence pursuant to General Municipal Law § 205-b, and [*2]that the Fire District failed to eliminate triable issues of fact as to whether Muilenburg was negligent in the operation of the fire truck.
Since "'[d]rivers of emergency vehicles have a primary obligation to respond quickly to preserve life and property and to enforce the criminal laws'" (Lawhorn v City of New York, 186 AD3d 1509, 1511, quoting Saarinen v Kerr, 84 NY2d 494, 497), "Vehicle and Traffic Law § 1104(a) exempts them from certain traffic regulations 'when involved in an emergency operation'" (Lawhorn v City of New York, 186 AD3d at 1511). Nevertheless, "drivers of emergency vehicles are not relieved of the[ ] duty to drive 'with due regard for the safety of all persons' and section 1104 does not 'protect the driver from the consequences of his [or her] reckless disregard for the safety of others'" (Frezzell v City of New York, 24 NY3d 213, 217, quoting Vehicle and Traffic Law § 1104[e]).
Pursuant to General Municipal Law § 205-b, "fire districts created pursuant to law shall be liable for the negligence of volunteer firefighters duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firefighters, at the time of any accident or injury, were acting in the discharge of their duties." Thus, contrary to the Fire District's contention, it was not limited to liability for conduct rising to the level of "reckless disregard" under Vehicle and Traffic Law § 1104(e), and could be held liable for the ordinary negligence of a volunteer firefighter operating the Fire District's vehicle (see DiFranco v Essig, 2 AD3d 669; see also Lynch v Waters, 82 AD3d 1719, 1722).
Here, the defendants failed to eliminate triable issues of fact as to whether Muilenburg was negligent in the operation of the fire truck and if any such negligence contributed to the accident (see DiFranco v Essig, 2 AD3d at 670). Thus, the defendants failed to establish, prima facie, that the Fire District was entitled to judgment as a matter of law. Since the defendants failed to meet their prima facie burden as to the Fire District, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Fire District.
DILLON, J.P., AUSTIN and WOOTEN, JJ., concur.
BARROS, J., concurs in part and dissents in part, and votes to dismiss the appeal by the defendants John M. Muilenburg and the Commack Fire Department, to reverse the order insofar as appealed from by the defendant Commack Fire District, on the law, and to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Commack Fire District, with the following memorandum:
As it did with the other defendants, the Supreme Court should have applied the reckless disregard standard of care in determining the liability of the defendant Commack Fire District (hereinafter the Fire District) for the accident. Applying the reckless disregard standard of care, the court should have then also granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Fire District.
"[T]he reckless disregard standard of care [under] Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220). In their motion for summary judgment, the defendants established, prima facie, that at the time of the accident, the defendant John M. Muilenburg was operating an authorized emergency vehicle, i.e., a fire truck, while involved in an emergency operation, i.e., responding to an alarm of fire, and was engaged in conduct exempted from the rules of the road, i.e., passing through a red light (see Vehicle and Traffic Law § 1104[a], [b]; Frezzell v City of New York, 24 NY3d 213, 217). "The manner in which an authorized emergency [*3]vehicle is operated in an emergency situation may not form the basis for civil liability absent evidence that the driver acted in reckless disregard for the safety of others" (Hemingway v City of New York, 81 AD3d 595, 595; see Saarinen v Kerr, 84 NY2d 494, 497 ["Vehicle and Traffic Law 1104(e) precludes the imposition of liability for otherwise privileged conduct except where the conduct rises to the level of recklessness"]; Baker v City of White Plains, 169 AD3d 980, 981).
When applicable, as here, the reckless disregard standard of care under Vehicle and Traffic Law § 1104(e) applies not only to the driver of the emergency vehicle, but also to those parties who are alleged to be vicariously liable for the driver's conduct (see Saarinen v Kerr, 84 NY2d at 499 [applying reckless disregard standard to claim of vicarious liability against the Village who employed the officer]).
Here, the Fire District, along with the other defendants, established, prima facie, that Muilenburg did not operate the fire truck with reckless disregard for the safety of others. Muilenburg testified at his deposition that the fire truck's sirens and lights were activated and that, before entering the intersection, the fire truck first stopped at the white stop line and then proceeded slowly through the intersection until it was broadsided by the plaintiff's vehicle (see Frezzell v City of New York, 24 NY3d at 217; Hemingway v City of New York, 81 AD3d 595). In opposition, the plaintiff failed to raise a triable issue of fact on the issue of whether Muilenburg acted with reckless disregard.
Contrary to the majority's determination, General Municipal Law § 205-b does not establish any particular standard of care for the operation of vehicles, and therefore, has no application to the determination of the vicarious liability claim against the Fire District. General Municipal Law § 205-b provides, in pertinent part, that "fire districts created pursuant to law shall be liable for the negligence of volunteer firefighters duly appointed to serve therein in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district, provided such volunteer firefighters, at the time of any accident or injury, were acting in the discharge of their duties" (emphasis added).
"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Matter of Estate of Youngjohn v Berry Plastics Corp., _____ NY3d _____, 2021 NY Slip Op 02017). The use of the words "for the negligence of" in General Municipal Law § 205-b merely describes the condition for the imposition of vicarious liability upon the fire districts, i.e., ordinary negligence of its volunteer firefighters. The purpose of the statute is to "immunize volunteer firefighters from civil liability for ordinary negligence" (Lynch v Waters, 82 AD3d 1719, 1722), and to "shift liability for such negligence to the fire districts that employ them" (id. at 1722; see Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna, 50 NY2d 143). Thus, General Municipal Law § 205-b functions merely as a liability shifting statute, and does not purport to define the rules of the road or the standard of care to be applied in any particular circumstance. Indeed, the rules of the road and the appropriate standards of care that apply to all vehicles are found in the Vehicle and Traffic Law (see Kabir v County of Monroe, 16 NY3d at 222; Riley v County of Broome, 95 NY2d 455, 462; see also Vehicle and Traffic Law §§ 1101, 1103[a]).
In sum, application of the reckless disregard standard of care to Muilenburg's operation of the fire truck compels the conclusion that there is no liability of Muilenburg for which to hold the Fire District vicariously liable. Therefore, the complaint should be dismissed as against the Fire District. To the extent that DiFranco v Essig (2 AD3d 669) holds otherwise, I vote to overrule it.
In sum, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Fire District.
ENTER:
Aprilanne Agostino
Clerk of the Court