(March 8, 1988)

1 BEVERLY PLOWDEN et al., Respondents-Appellants, v FELICIA MANGANIELLO et al., Appellants-Respondents, and LAWRENCE C. MEYER et al., Respondents-Appellants.—Order, Supreme Court, Bronx County (Gerard E. Delaney, J.), entered October 1, 1986, which granted the posttrial motion of defendants Lawrence C. Meyer and the City of New York to set aside the jury's verdict only to the extent of directing the entry of judgment against the Manganiello defendants and ordering a trial on apportionment of damages and ordering a new trial on the issue of damages unless the plaintiffs stipulated to a judgment in the reduced sums of $750,000, $250,000

and $10,000, respectively, unanimously modified, on the law and the facts, to the extent of directing a new trial on the issue of the liability of the Manganiello defendants and, as so modified, the order is affirmed, without costs.

Shortly after 5:30 P.M. on September 3, 1980, Felicia Manganiello was driving her father's car north on Castle Hill Avenue in The Bronx, when she heard sirens. Unable to see the source of the sirens, and unable to pull over to the right because of traffic, she stopped in the left-hand, northbound lane at the intersection of Castle Hill and Turnbull Avenues for some 15 to 20 seconds before signaling and making a left-hand turn. Almost immediately, her car was struck in the left rear by an unmarked police car on an emergency call, which, finding its path blocked by traffic, had pulled out of the northbound lanes of Castle Hill and was proceeding north in the southbound lanes with its headlights and siren operating. After the impact, the Manganiello vehicle jumped the curb and struck Beverly Plowden and her 2½-year-old son Jahane.

The question of whether Miss Manganiello was negligent under the circumstances in light of Vehicle and Traffic Law § 1144, which requires motorists to yield the right-of-way to approaching emergency vehicles, is essentially factual in nature. Thus, while we agree that the jury's verdict exonerating the Manganiello defendants from all liability was against the weight of the evidence, in setting aside such verdict, Trial Term, rather than directing judgment against the Manganiello defendants, should have directed a new trial on the issue of their liability. Concur—Murphy, P. J., Kupferman, Kassal, Ellerin and Smith, JJ.