■ JANINE N. TOBACCO, Respondent, v NORTH BABYLON FIRE DEPARTMENT et al., Respondents, CENTURY 21 OF THE NORTHEAST, INC., et al., Appellants, et al., Defendant. (And Other Actions.) [674 NYS2d 125] —In related actions to recover damages for personal injuries, (1) the defendant Century 21 of the Northeast, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered March 31, 1997, as denied that branch of its motion for summary judgment which was to dismiss the complaint and all cross claims insofar as asserted against it, and (2) the defendant Margaret Superty appeals, as limited by her brief, from so much of the same order as, upon reargument, denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and awarded summary judgment dismissing, *inter alia*, all cross claims asserted against the defendant Thomas Doyle.

Ordered that the order is reversed insofar as appealed from by the defendant Century 21 of the Northeast, Inc., on the law, without costs or disbursements, that branch of its motion for summary judgment which was to dismiss the complaint and all cross claims insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Margaret Superty, without costs or disbursements.

The defendant Thomas Doyle, a volunteer member of the North Babylon Fire Department, was driving a fire engine en route to a fire when he was involved in a collision with a vehicle operated by the defendant Margaret Superty, a sales associate for the defendant Century 21 D.P. Realty, Inc. (hereinafter Century 21 D.P.). The plaintiff, a passenger in the Superty vehicle, was allegedly injured in the accident. Although it is undisputed that Superty heard the fire engine's horn and saw its lights prior to the accident, she maintains that she was unable to pull over to the right because of traffic conditions. Superty instead decided to make a left turn, and was in the

process of moving into the left-hand turning lane when her vehicle was struck in the rear by the fire engine.

On appeal, Superty contends that the Supreme Court erred in denying her motion for summary judgment because Doyle failed to rebut the inference of negligence created by the rear-end collision. However, the record establishes that the fire engine operated by Doyle was on its way to the scene of a fire, and that the engine's red rotating lights, siren, and air horn had been activated. Accordingly, pursuant to Vehicle and Traffic Law § 1144, Superty was required to yield the right of way and, among other precautions, stay clear of the intersection (*see, Felice v Gershkon*, 34 AD2d 1008). Since the issue of whether Superty's failure to comply with Vehicle and Traffic Law § 1144 was negligent under the circumstances of this case is essentially a factual one (*see, Plowden v Manganiello*, 138 AD2d 243), the Supreme Court properly denied her motion for summary judgment.

Furthermore, the Supreme Court did not err in dismissing, *inter alia*, all cross claims asserted against Doyle. As a member of a volunteer fire company, Doyle may not be held liable for an act done in the performance of his duties "except for wilful negligence or malfeasance" (General Municipal Law § 205-b). The record reveals that upon observing Superty's vehicle stopped about 200 feet in front of him, Doyle repeatedly applied the fire engine's brakes, and had slowed down to a speed of five to seven miles per hour when he skidded into the Superty vehicle. Under these circumstances, there is no evidence to support a finding that Doyle's failure to avoid the accident constituted wilful negligence or malfeasance. Moreover, contrary to Superty's contention, Doyle is also entitled to a privilege pursuant to Vehicle and Traffic Law § 1104 because there is no evidence that he acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see, Szczerbiak v Pilat*, 90 NY2d 553; *Saarinen v Kerr*, 84 NY2d 494, 501; *Notorangelo v State of New York*, 240 AD2d 716).

The Supreme Court erred in denying that branch of the motion of the defendant Century 21 of the Northeast, Inc. (hereinafter Northeast), which was to dismiss the complaint and all cross claims insofar as asserted against it. Although Century 21 D.P. was required to comply with certain general conditions imposed by Northeast, the regional franchisor, it is clear from the provisions of the franchise agreement that Northeast was not contractually entitled to supervise and control the operations of Century 21 D.P. Since Northeast was not in a position to exercise control over Century 21 D.P.'s

sales associates, it may not be held liable as a matter of law for the injuries sustained by the plaintiff (*see, Abreu v Getty Ref. & Mktg. Co.*, 121 AD2d 419, 420; *Matter of Sperte v Shaffer*, 111 AD2d 856, 858; *Matter of Realty World/Realty World Franchise Serv. Corp. v Shaffer*, 101 AD2d 708; *see also, Kane v Cohen Distribs. of Gen. Mdse.*, 172 AD2d 720). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.