■ SHIRLEY HERRIN, Appellant, v AIRBORNE FREIGHT CORP. et al., Respondents. [753 NYS2d 140] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jones, J.), dated February 1, 2002, which granted the motion of the defendants Airborne Freight Corporation and Juan L. Rivera, and the separate motion of the defendant Jacqueline L. Herrin, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court, dated May 15, 2002, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 1, 2002, is dismissed, as that order was superseded by the order dated May 15, 2002, made upon reargument; and it is further,

Ordered that upon the appeal from the order dated May 15, 2002, the order dated February 1, 2002, is vacated, the motions for summary judgment are denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated May 15, 2002, is otherwise dismissed as academic, in light of our vacatur of the order dated February 1, 2002; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Summary judgment may be granted only when it is clear that no triable issue of fact exists (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Upon the completion of the court's examination of all of the documents submitted in connection with a motion

for summary judgment, the motion must be denied if there is any doubt as to the existence of a triable issue (*see Rotuba Extruders v Ceppos,* 46 NY2d 223).

Although the defendants established their prima facie entitlement to summary judgment by submitting the affirmations of physicians which indicated through sufficient objective evidence that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955; *Espinal v Galicia,* 290 AD2d 528; *Fisher v Cho Pyung Choi,* 289 AD2d 523), the plaintiff successfully opposed the defendants' motions by raising a triable issue of fact. Accordingly, the Supreme Court erred in granting the defendants' motions for summary judgment dismissing the complaint. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.