■ MAUREEN COLLETTI et al., Appellants, v EILEEN PEREIRA et al., Defendants, and WILLIAM A. BUTLER, JR., Respondent. [876 NYS2d 716]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated January 31, 2008, as, upon reargument and renewal, granted the motion of the defendant William A. Butler, Jr., for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

William A. Butler, Jr., a volunteer emergency medical technician for the LaGrange Fire District, was paged to an accident at 1:40 A.M. on July 25, 2002. He was traveling to the site of the accident in his vehicle, northbound on Route 82, a winding mountain road, at or near the 55 miles-per-hour speed limit, with his emergency vehicle blue strobe light illuminated. Upon emerging from a curve, he saw the plaintiffs' vehicle. Butler pushed down on his brakes, but was unable to come to a complete stop. His car skidded approximately two car lengths and struck the plaintiffs' vehicle in the rear.

The Supreme Court properly determined that Butler established his prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Butler acted with "wilful negligence or malfeasance" (General Municipal Law § 205-b; see *Tobacco v North Babylon Fire Dept.*, 251 AD2d 398 [1998]) or with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; see *Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr*, 84 NY2d 494 [1994]; *Campbell v City of Elmira*, 84 NY2d 505 [1994]; *DiFranco v Essig*, 2 AD3d 669 [2003]; *Powell v City of Mount Vernon*, 228 AD2d 572 [1996]). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.