■ JEFFREY K. SCHLEGER, Appellant, v MICHAEL F. JURCSAK, JR., et al., Respondents. [969 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated June 25, 2012, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This action arises out of a motor vehicle accident that occurred on August 2, 2009, when a vehicle operated by the defendant Michael F. Jurcsak, Jr. (hereinafter Michael Jr.), and owned

by the defendant Michael G. Jurcsak (hereinafter Michael Sr.), collided with a vehicle operated by the plaintiff. At the time of the accident, Michael Jr. was responding to a fire in his capacity as a volunteer firefighter with the defendant Valley Stream Fire Department.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Michael Jr. Members of volunteer fire companies may not be held liable for acts done in the performance of their duties in the absence of "wilful negligence or malfeasance" (General Municipal Law § 205-b; *see Tobacco v North Babylon Fire Dept.*, 251 AD2d 398, 399 [1998]). Here, the plaintiff failed to establish, prima facie, that the manner in which Michael Jr. operated the vehicle at the time of the accident constituted willful negligence or malfeasance (*see Colletti v Pereira*, 61 AD3d 804 [2009]; *Tobacco v North Babylon Fire Dept*, 251 AD2d at 399; *cf. Cox v Du Chaine*, 29 AD2d 814, 815 [1968]). For this reason, the court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the owner of the vehicle, Michael Sr., based on vicarious liability (*see Kenny v Bacolo*, 61 NY2d 642, 645 [1983]; *Ulysse v Nelsk Taxi*, 135 AD2d 528, 530 [1987]; *Sikora v Keillor*, 17 AD2d 6 [1962], *affd* 13 NY2d 610 [1963]).

Finally, although the plaintiff submitted evidence sufficient to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against the defendant Valley Stream Fire Department (hereinafter the VSFD), in opposition, the VSFD raised a triable issue of fact.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Roman, Miller and Hinds-Radix, JJ., concur.