Edwards v J&D Express Serv. Corp. (2020 NY Slip Op 01145)





Edwards v J&D Express Serv. Corp.


2020 NY Slip Op 01145


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09478
 (Index No. 11395/12)

[*1]Barbara Edwards, appellant, 
v
J & D Express Service Corp., respondent, et al., defendant.


Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Jay A. Potter, I. Elie Herman, and Inderjit Dhami of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated June 27, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant J & D Express Service Corp., and granted that branch of the cross motion of the defendant J & D Express Service Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant J & D Express Service Corp. is granted, and that branch of the cross motion of the defendant J & D Express Service Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff alleges that she was injured when, while she was leaning into a stopped minivan, the open sliding door of the minivan slammed into her back as the minivan suddenly accelerated forward. The plaintiff commenced this action to recover damages for personal injuries against the owner of the vehicle, J & D Express Service Corp. (hereinafter J & D), and the driver of the vehicle, alleging negligence.
The plaintiff moved, inter alia, for summary judgment on the issue of liability against J & D, and J & D cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and granted that branch of J & D's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, determining that the plaintiff's causes of action were barred by the Graves Amendment. The plaintiff appeals.
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Adobea v Junel, 114 AD3d 818, 819; Vainer v DiSalvo, 79 AD3d 1023, 1024). Here, the [*2]plaintiff established her prima facie entitlement to judgment as a matter of law by presenting uncontroverted evidence that the driver stepped on the gas pedal while she was leaning into the vehicle, causing the vehicle to move forward and her to be injured by the sliding of the minivan's door into her back (see Vehicle and Traffic Law § 1162; Irwin v Mucha, 154 AD2d 895). This negligence can be imputed to J & D, which was the owner of the vehicle, through the presumption that the operator was driving the vehicle with the owner's express or implied consent (see Vehicle and Traffic Law § 388[1]). In opposition, J & D failed to raise a triable issue of fact with respect to liability.
Pursuant to the Graves Amendment (49 USC § 30106), generally, the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (see 49 USC § 30106[a]; Olmann v Neil, 132 AD3d 744, 745; Bravo v Vargas, 113 AD3d 579, 580). In this case, J & D failed to establish, prima facie, that it was a bona fide commercial lessor of motor vehicles (see Davido v Salazar, 89 AD3d 463, 463). Therefore, J & D failed to meet its prima facie burden of establishing an entitlement to immunity under the Graves Amendment (see Cassidy v DCFS Trust, 89 AD3d 591, 591-592).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against J & D, and denied that branch of J & D's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court