Harewood v Car (2020 NY Slip Op 07550)





Harewood v Car


2020 NY Slip Op 07550


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10729
2018-05338
 (Index No. 6414/16)

[*1]Deryck Harewood, appellant, 
v
Zip Car, et al., defendants, Isaac Beyomin Marks, respondent. (Appeal No. 1.)
Deryck Harewood, appellant,
v
Zip Car, et al., respondents, et al, defendant. (Appeal No. 2.)


Deryck Harewood, Brooklyn, NY, appellant pro se.
Purcell & Ingrao, P.C., Mineola, NY (Terrance J. Ingrao of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated August 15, 2017, and (2) an order of the same court dated April 2, 2018. The order dated August 15, 2017, granted the motion of the defendant Isaac Benyomin Marks pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The order dated April 2, 2018, insofar as appealed from, granted the motion of the defendants Zip Car and PV Holding Corp. for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated August 15, 2017, is affirmed; and it is further,
ORDERED that the order dated April 2, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff allegedly was injured when the motorcycle he was driving was struck by a vehicle that was owned by the defendant Zip Car, registered by the defendant PV Holding Corp., and driven by the defendant Isaac Benyomin Marks. We agree with the Supreme Court's determination to grant Marks's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. Marks established that he was not served with the summons and complaint within 120 days after the commencement of the action, as required by CPLR 306-b. The plaintiff's submissions were insufficient to establish that, pursuant to CPLR 312-a(a), he served the summons and complaint by first-class mail with two copies of a statement of service by mail and acknowledgment of receipt, or that the signed acknowledgment of receipt was mailed or delivered to the plaintiff. The affidavit of service submitted by the plaintiff was insufficient to establish that [*2]his attempt at service satisfied the requirements of CPLR 312-a (see Klein v Educational Loan Servicing, LLC, 71 AD3d 957; Bennett v Acosta, 68 AD3d 910). In the absence of proper service, no personal jurisdiction was acquired over Marks (see Klein v Educational Loan Servicing, LLC, 71 AD3d at 958).
We also agree with the Supreme Court's determination to grant the motion of Zip Car and PV Holding Corp. for summary judgment dismissing the complaint insofar as asserted against them. Pursuant to the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (see Edwards v J & D Express Ser. Corp., 180 AD3d 871; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1012; Lozano v Magda, Inc., 165 AD3d 1249). Here, there is no dispute that Zip Car and PV Holding Corp. are in the business of renting or leasing motor vehicles, and they established prima facie that there was no negligence or criminal wrongdoing on their part. The plaintiff failed to raise a triable issue of fact in opposition.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court