Keys v PV Holding Corp. (2022 NY Slip Op 03105)

Keys v PV Holding Corp.

2022 NY Slip Op 03105

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-09535
 (Index No. 526646/19)

[*1]Denise Keys, respondent, 
v
PV Holding Corp., et al., appellants, et al., defendant.

Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for appellants.
Koenigsberg & Associates, P.C. (Paul Koenigsberg and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants PV Holding Corp., Zipcar New York, Inc., and Zipcar, Inc., appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated November 10, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants PV Holding Corp., Zipcar New York, Inc., and Zipcar, Inc., is denied.
On November 11, 2019, the plaintiff was crossing the street when she was struck by a vehicle operated by the defendant Steven Mallory. The vehicle allegedly was owned, maintained, managed, and controlled by the defendants PV Holding Corp., Zipcar New York, Inc., and Zipcar, Inc. (hereinafter collectively the owner defendants). The plaintiff commenced this action against the defendants. In their answer, the owner defendants asserted, as their 17th affirmative defense, that they could not be held liable for the plaintiff's injuries pursuant to 49 USC § 30106, known as the Graves Amendment. As relevant here, the plaintiff moved for summary judgment on the issue of liability against the owner defendants, and the owner defendants opposed the motion. In an order dated November 10, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the owner defendants. The owner defendants appeal.
Pursuant to Vehicle and Traffic Law § 388(1), "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." However, pursuant to the Graves Amendment, which "preempt[s] conflicting New York law" (Graham v Dunkley, 50 AD3d 55, 62; see Hernandez v Sanchez, 40 AD3d 446, 447), the owner of a leased or rented motor vehicle (or an affiliate of the owner) cannot be held liable by reason of being the owner of the vehicle (or an affiliate of the owner) for personal injuries resulting [*2]from the use of such vehicle if: (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner) (see 49 USC § 30106[a]; Harewood v Zip Car, 189 AD3d 1192, 1193; Edwards v J & D Express Serv. Corp., 180 AD3d 871; Jung v Glover, 169 AD3d 782, 784; Graham v Dunkley, 50 AD3d at 62).
Here, the plaintiff failed to establish, prima facie, that the Graves Amendment did not apply to this action, and she failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against the owner defendants (see Kolosovskiy v Vitale, 7 AD3d 579; see also Jung v Glover, 169 AD3d at 784; see generally Brandford v Singh, 136 AD3d 726, 728; Schleger v Jurcsak, 108 AD3d 515, 516). Consequently, the burden never shifted to the owner defendants to raise a triable issue of fact as to whether the Graves Amendment applied to this action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the owner defendants.
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court