Pierrelouis v Kuten (2022 NY Slip Op 04314)

Pierrelouis v Kuten

2022 NY Slip Op 04314

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-07895
 (Index No. 524983/19)

[*1]Reginald Pierrelouis, respondent, 
v
Mattes Kuten, et al., defendants, Jessika Fortune, et al., appellants.

Brand Glick & Brand, P.C., Garden City, NY (Peter M. Khrinenko and Joseph J. Karlya of counsel), for appellants.
Chopra & Nocerino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jessika Fortune and PV Holding Corp. appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 16, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant PV Holding Corp.
ORDERED that the appeal by the defendant Jessika Fortune is dismissed, as she is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant PV Holding Corp., on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against that defendant is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant PV Holding Corp.
On April 1, 2019, the plaintiff was a passenger in a vehicle operated by the defendant
Jessika Fortune and owned by the defendant PV Holding Corp. (hereinafter PV Holding), which collided with a vehicle operated by the defendant Mattes Kuten and owned by the defendant Pesach Kuten at an intersection in Brooklyn. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in the accident. Fortune and PV Holding filed an answer, and their seventh affirmative defense asserted that PV Holding could not be held vicariously liable for the "acts/omissions of its vehicle operator pursuant to the provisions of the Federal Transportation Equity Act." The plaintiff moved, inter alia, for summary judgment on the issue of liability against PV Holding. The Supreme Court granted that branch of the motion, and PV Holding appeals.
Pursuant to Vehicle and Traffic Law § 388(1), "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of [*2]such owner." However, in 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users. That act included the Graves Amendment (49 USC § 30106), which provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) is engaged in the trade or business of renting or leasing motor vehicles, and (2) engaged in no negligence or criminal wrongdoing contributing to the accident (see id. § 30106[a]; Harewood v Zip Car, 189 AD3d 1192, 1193; Edwards v J & D Express Serv. Corp., 180 AD3d 871).
"CPLR 3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" (Stone v Continental Ins. Co., 234 AD2d 282, 284; see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 50; Morley Maples, Inc. v Dryden Mut. Ins. Co., 130 AD3d 1413). Here, in his initial motion papers, the plaintiff failed to address the issue of whether PV Holding could be held vicariously liable for Fortune's negligence, and the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against PV Holding (see Kolosovskiy v Vitale, 7 AD3d 579; see generally Jung v Glover, 169 AD3d 782, 784; Brandford v Singh, 136 AD3d 726, 728; Schleger v Jurcsak, 108 AD3d 515). Hence, the burden never shifted to PV Holding to raise a triable issue of fact as to whether the Graves Amendment applied to this action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against PV Holding.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court