Owens v Elrac, LLC (2023 NY Slip Op 00431)

Owens v Elrac, LLC

2023 NY Slip Op 00431

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-00755
 (Index No. 504085/17)

[*1]Tanisha Owens, respondent, 
v
ELRAC, LLC, et al., defendants, Anthony H. Forde, appellant.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (James Carman of counsel), for appellant.
Mikhail Yadgarov & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Anthony H. Forde appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 22, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant Anthony H. Forde (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated November 22, 2019, the Supreme Court denied the motion. The defendant appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of her spine were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 217-219; Pommells v Perez, 4 NY3d 566, 577).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the [*2]subject accident.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court