Ruiz v Portilla (2024 NY Slip Op 50674(U))

[*1]

Ruiz v Portilla

2024 NY Slip Op 50674(U)

Decided on June 4, 2024

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2024
Supreme Court, Queens County

Roberto Carlos Barros Ruiz, Plaintiff,

against
Frank Garay Portilla, U-HAUL COMPANY OF ARIZONA, JOSE A. GARCIA RAMIREZ, and AMERICAN UNITED TRANSPORTATION INC., Defendants.

Index No. 726983/2022

ATTORNEYS FOR PLAINTIFF: 
MIKHAIL IBRAGIMOV 
IBRAGIMOV LAW FIRM, P.C. 
10470 Queens Boulevard, Suite 502, 
Forest Hills, NY 11375 
Phone:(718) 275-6400 
ATTORNEYS FOR DEFENDANTS: CATHERINE F. CAVANAGH
Nicolini Paradise Ferretti and Sabella
114 Old Country Rd, Mineola, NY 11501
(516) 741-6355
MARLON PATRICK RUFINO
Nicoletti Spinner Ryan Gulino Pinter LLP
555 Fifth Avenue 8th Floor 8th Fl, 
New York, NY 10017
Phone:1-212-730-7750
RORY THOMAS MULHOLLAND
ABRAMS, FENSTERMAN LLP
1 Metrotech Ctr Ste 1701, Brooklyn, NY 11201
Phone:(718) 215-5300

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28 - 42, and 44 — 47 were read on this motion by defendant U-HAUL CO. OF ARIZONA for an Order pursuant to CPLR §3212, granting its motion for summary judgment, dismissing Plaintiff's claims against it in their entirety.
Upon the foregoing documents, the motion by defendant, U-HAUL CO. OF ARIZONA ("UHAZ") is decided as follows:
According to the Complaint, on March 23, 2021, FRANK GRAY PORTILLA ("Portilla") was the lessee of a motor vehicle owned by UHAZ, when a collision occurred at or near the intersection of 69th Street and Queens Boulevard, Queens County, New York, between the vehicle operated by Portilla and the vehicle, a Mercedes-Benz (the "Mercedes"), operated by JOSE A. GARCIA RAMIREZ ("Ramirez"), in which plaintiff was riding.
Defendant UHAZ now moves for summary judgment dismissing Plaintiff's claims against it in their entirety. UHAZ argues dismissal is warranted because the claim against it is premised on the vicarious liability of the owner of a motor vehicle pursuant to New York Vehicle and Traffic Law §388 and application of §388 is preempted by the Graves Amendment. They also argue that Plaintiff's conclusory allegations of negligence are insufficient to establish any affirmative negligent acts on the part of UHAZ, because there is no evidence of independent negligence on the part of UHAZ. In support thereof, UHAZ submits, among other things, the deposition transcript of Portilla. While UHAZ stated in his attorney affirmation that he uploaded the Affidavit of Wesley Chadwick as Ex. "1," and the Affidavit of William W. Wolff III, no such documents have been uploaded to NYSCEF.
Plaintiff opposes and argues, among other things, that UHAZ has failed to meet its initial burden eliminating material issues of fact, in part because UHAZ failed to upload a copy of the Rental Agreement between UHAZ and driver Portilla, or an affidavit from a UHAZ representative indicating that there were no mechanical problems reported prior to the accident.
The proponent of a summary judgment motion must tender evidentiary proof in admissible form eliminating any material issues of fact from the case (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once this showing has been made, the burden shifts to the non-[*2]moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (id.; Zuckerman v City of New York, 49 NY2d 557 [1980]). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Pursuant to Vehicle and Traffic Law § 388(1), "[e]very owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner." "However, pursuant to the Graves Amendment, which 'preempt[s] conflicting New York law' . . . the owner of a leased or rented motor vehicle . . . cannot be held liable by reason of being the owner of the vehicle . . . for personal injuries resulting from the use of such vehicle if: (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner" (see Keys v PV Holding Corp., 205 AD3d 787, 788-89 [2d Dept 2022] (citing Graham v Dunkley, 50 AD3d 55, 58 [2d Dept 2008])). Thus, the Graves Amendment "bars vicarious liability actions against professional lessors and renters of vehicles," as would otherwise be permitted by Vehicle and Traffic Law § 388 (Graham at 58). 
Here, while Portilla's deposition transcript indicated that he had rented the vehicle involved in the accident from a "U-Haul Company" and that he was unemployed at that time (and thus not an employee of UHAZ), UHAZ has failed to submit the rental agreement or proof in another form to indicate that the Portilla vehicle involved in the collision was rented from UHAZ or that UHAZ was "engaged in the trade or business of renting or leasing motor vehicles" (see 49 USC §30106). Furthermore, UHAZ has failed to submit proof that the there was no negligence on UHAZ's part, as required under the Graves Amendment. Therefore, the Court finds that defendant UHAZ has failed to establish its prima facie entitlement to summary judgment. Accordingly, defendant UHAZ's motion for dismissal of plaintiff's Complaint as asserted against it as barred by the Graves' Amendment, 49 U.S.C. §30106, is denied.
DATED: June 4, 2024
_______________________________
ROBERT I. CALORAS, J.S.C.