County of Nassau v Progressive Cas. Ins. Co. (2024 NY Slip Op 03728)

County of Nassau v Progressive Cas. Ins. Co.

2024 NY Slip Op 03728

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-00148
 (Index No. 605583/19)

[*1]County of Nassau, appellant, 
v
Progressive Casualty Insurance Company, respondent.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled Ralha v Nassau County, commenced in the Supreme Court, Nassau County, under Index No. 5587/15, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered January 2, 2020. The order granted the defendant's motion, in effect, for summary judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled Ralha v Nassau County, commenced in the Supreme Court, Nassau County, under Index No. 5587/15.
The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify it in an underlying personal injury action entitled Ralha v Nassau County, commenced in the Supreme Court, Nassau County, under Index No. 5587/15 (hereinafter the underlying action). The plaintiff alleged, among other things, that in March 2019, it sought coverage for the subject accident under an insurance policy that the defendant issued to Global Equipment Leasing, Ltd. (hereinafter Global). The plaintiff contended, inter alia, that it was covered under the policy issued to Global as the plaintiff was vicariously liable for acts or omissions of any person otherwise covered under the policy pursuant to the definition of insured in section A(3) of Part I of the policy. The plaintiff further contended that it was entitled to coverage pursuant to Vehicle and Traffic Law § 388, and because the defendant had failed to timely disclaim coverage to it in violation of Insurance Law § 3420(d). The defendant denied coverage to the plaintiff.
The defendant moved, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action. In an order entered January 2, 2020, the Supreme Court granted the motion. The plaintiff appeals. We affirm.
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that, under the circumstances of this case, the plaintiff was not an insured as defined by the insurance policy the defendant issued to Global. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not adduce evidence showing that it qualified as an insured under the policy. The Graves Amendment (see 49 USC § 30106) provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) is engaged in the trade or business of renting or leasing motor vehicles, and (2) engaged in no negligence or criminal wrongdoing contributing to the accident (see id. § 30106[a]; Harewood v Zip Car, 189 AD3d 1192, 1193; Edwards v J & D Express Serv. Corp., 180 AD3d 871). Here, Global leased the truck at issue to Tri State Paving, LLC (hereafter Tri State), and it was not alleged in the underlying action that any negligence on the part of Tri State contributed to the accident. Further, the defendant was not required to provide the plaintiff with a disclaimer, as the plaintiff's claim falls outside of the scope of coverage. In this case, "requiring payment of a claim upon failure to timely disclaim would create coverage where it never existed" (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188; see Markevics v Liberty Mut. Ins. Co., 97 NY2d 646). The plaintiff also failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the defendant's knowledge or control. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Martin v Newton, 206 AD3d 644, 645 [internal quotation marks omitted]).
The plaintiff's contention that it qualified as an insured under the policy as a person using the truck with permission under the policy, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court properly granted the defendant's motion, in effect, for summary judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (see Lanza v Wagner, 11 NY2d 31).

2020-00148 DECISION & ORDER ON MOTION
County of Nassau, appellant, v Progressive Casualty
Insurance Company, respondent.
(Index No. 605583/19)

Appeal from an order of the Supreme Court, Nassau County, entered January 2, 2020. Motion by the respondent to strike the reply brief on the ground that it improperly raises arguments for the first time in reply. By decision and order on motion of this Court dated April 5, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted, and the reply brief is stricken and has not been considered in the determination of the appeal.
DUFFY, J.P., WOOTEN, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court