## Bluvshteyn v EAN Holdings, LLC

2024 NY Slip Op 33597(U)

October 3, 2024

Supreme Court, Kings County

Docket Number: Index No. 502557/2020

Judge: Wavny Toussaint

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 3rd day of October, 2024.

P R E S E N T :

HON. WAVNY TOUSSAINT,
                                Justice.

---

BORIS BLUVSHTEYN and ANNA BLUVSHTEYN,

                                Plaintiffs,

                -against-

EAN HOLDINGS, LLC d/b/a NATIONAL CAR RENTAL, NATIONAL CAR RENTAL SYSTEM, INC., and DAUREN NURTAKANOV,

                                Defendants.

Index No.: 502557/2020

**ORDER**

---

The following papers numbered 1 to   read herein

| | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 118-149 |
| Cross Motion and Affidavits (Affirmation) Annexed | |
| Answers/Opposing Affidavits (Affirmations) | 153-161 |
| Reply Affidavits (Affirmations) | 163-164 |
| Affidavit (Affirmation) | |
| Other Papers | |

Upon the foregoing papers, defendants EAN Holdings, LLC d/b/a National Car Rental (EAN), National Car Rental System, Inc. (National Car) and Dauren Nurtakanov (Nurtakanov) move (Seq. 07) for an order, pursuant to CPLR § 3212, granting summary judgment dismissing plaintiff's complaint.  EAN and National Car argue they are insulated from liability under both the Graves Amendment and New York Vehicle and Traffic Law §388.

[* 1]

EAN, National Car, and Nurtakanov also argue both plaintiffs failed to meet the "serious injury" threshold under Insurance Law §5102(d). Plaintiffs opposed the motion.

## *Background*

Insofar as set forth in the complaint, plaintiffs alleged they both suffered serious injuries when, on November 9, 2020 at Exit 10 of the Staten Island Expressway, in Staten Island, New York., their vehicle was struck by the rented vehicle operated by Nurtakanov. Plaintiffs assert claims against the rental companies EAN and National Car alleging each is vicarious liability for the negligence of Nurtakanov. The rented vehicle was owned by non-party Enterprise Rent-A-Car Canada Company, Inc.

## *Discussion*

### *The Graves Amendment and New York Vehicle and Traffic Law §388*

EAN and National Car argue they are insulated from liability under the Graves Amendment and New York Vehicle and Traffic Law §388. The Graves Amendment provides in part, that:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner (49 U.S.C. § 30106).

New York Vehicle and Traffic Law §388 provides in part, that:

2

Every *owner* of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . . (emphasis supplied)

The evidence submitted by EAN, National Car, and Nurtakanov including among other things, plaintiffs' and Nurtakanov's deposition transcripts, the Risk Specialist's affidavit (with supporting records), the marked deposition photos, and the arguments presented related thereto, established prima facie, that EAN and National are engaged in the business of renting or leasing motor vehicles and that the subject vehicle was rented to Nurtakanov. EAN and National Car also established they did not own the rented vehicle which, in any case, did not have a prior history of complaints or maintenance issues, and was otherwise in good working order. EAN and National Car further established Nurtakanov was not their employee.

Based on the record, EAN and National Car established, prima facie, that they are insulated from liability by operation of the Graves Amendment and New York Vehicle and Traffic Law §388 (*Keys v PV Holding Corp.*, 205 AD3d 787, 788-789 [2d Dept 2022]; *Harewood v Zip Car*, 189 AD3d 1192, 1193 [2d Dept 2020]). Plaintiff's proof in opposition, including among other things, plaintiffs' affidavits and the arguments based thereon, failed to raise triable issues of fact with respect to EAN and National Car's prima facie showing. For these reasons, the motion (Seq. 07) is granted as to EAN and National Car and the complaint is dismissed as to them.

**The "Serious Injury" Threshold and Defendant Nurtakanov**

Nurtakanov seeks dismissal of the complaint on the basis that plaintiffs do not meet the "serious injury" threshold under the Insurance Law. Nurtakanov's proof included,

3

[* 3]

among other things, plaintiffs' Bill of Particulars, plaintiffs' and Nurtakanov's deposition transcripts, various medical records and the IME reports for plaintiffs. This proof shows that the IME doctors concluded plaintiffs' injuries were casually related to the accident, that plaintiffs exhibited restricted range of motion, and that the range of motion testing performed by the IME doctors, in any event, did not consider any variations from normal when arriving at plaintiffs' testing results. Furthermore, the IME radiologist's report, in contrast to that of the examining physicians, concluded that plaintiffs' injuries were degenerative and not casually related to the accident. Together, the submitted proof failed to establish, prima facie, that plaintiffs did not sustain serious injuries as a result of the accident. Resolution of this issue warrants a jury's determination, as it is not resolved on Nurtakanov's proof (*Owens v Elrac LLC*, 213 AD3d 684, 685 [2d Dept 2023]; *Herrin v Airborne Freight Corp.,* 301 AD2d 500, 500-501 [2d Dept 2003]). Under these circumstances, the Court need not consider the sufficiency of plaintiffs' opposition papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). For these reasons, the motion (Seq. 07) is denied as to Nurtakanov.

### *Conclusion*

Accordingly, it is hereby

**ORDERED** that motion (Seq. 07) is granted to the extent the complaint is dismissed only as to EAN Holdings, LLC d/b/a National Car Rental and National Car Rental System, Inc.

4

[* 4]

The action is severed as to defendant Dauren Nurtakanov. The caption is amended to read as follows:

---

BORIS BLUVSHTEYN and ANNA BLUVSHTEYN,

                        Plaintiffs,

       -against-

DAUREN NURTAKANOV,

                        Defendant.

Index No.: 502557/2020

---

All remaining arguments raised on the motion, and evidence submitted by the parties in connection thereto, have been considered by this Court, and are denied.

This constitutes the decision and order of the Court.

E N T E R

_____
J.S.C.

HON. WAVNY TOUSSAINT
J. S. C.

[* 5]